**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KHIRY MULLINS and
ADRIAN DIAZ, Individually
and on behalf of all
others similarly situated,

    Plaintiffs,

  v.

VERIZON CONNECT FLEET USA LLC
and VERIZON CONNECT INC.

    Defendants.
_____.

Case No: 1:21-cv-4697-MLB

CLASS ACTION

## PLAINTIFFS' RENEWED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs, Khiry Mullins and Adrian Diaz ("Plaintiffs" or "Class Representatives") and Defendants VERIZON CONNECT FLEET USA LLC. and VERIZON CONNECT INC. (collectively, "Verizon Connect" or "Defendants"); have entered into a Settlement Agreement that would resolve the claims raised in this proceeding. The Plaintiffs hereby submit the Settlement Agreement for preliminary approval by the Court, pursuant to Fed. R. Civ. P. 23(e). By this Motion, the Plaintiffs respectfully submit that the Court should enter an order: (i) granting preliminary approval of the Settlement Agreement; (ii) provisionally certifying the instant proceeding as a class action pursuant to Federal Rule of Civil Procedure 23

for purposes of settlement only; (iii) appointing Plaintiffs as Class Representatives of the State Law Classes; (iv) appointing Feldman Law Group as Class Counsel pursuant to Rule 23(e); (v) approving the form and content of the Notice to Class Members and authorize mailing of the proposed class action notice packet; (vi) appointing Rust Consulting as Settlement Administrator; and (vii) scheduling a hearing for final approval of the class settlement.

## HISTORY AND SUMMARY OF CLAIMS

1. Plaintiffs Jeremy Mancini Bates and Elaina Hall commenced this case on November 14, 2021 (DE 1).

2. On April 21, 2022, Plaintiffs Mancini Bates and Hall filed Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. DE 14

3. On March 3, 2023, this Court denied Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and stayed this case "for 90 days from the date of this Order to allow Plaintiffs to substitute the class representatives." DE 22

4. With the filing of the Second Amended Complaint on March 17, 2023, the Named Plaintiffs and Class Representatives were substituted. DE 24.

2

5. Khiry Mullins substituted for Elaina Hall as the Class Representative for the North Carolina Class and Adrian Diaz substituted for Jeremy Mancini Bates as the Class Representative of the Illinois Class.

6. Plaintiff Khiry Mullins was an employee working from one of Defendant's Charlotte, North Carolina office as a BDR during the period of 2018 until approximately January 2021.

7. Plaintiff Adrian Diaz was an employee working as a BDR from one of Defendant's Rolling Meadows, Ill. office during the period of approximately June 2017 until March 2019.

8. Both Plaintiffs here allege for themselves and all other Inside Sales Reps (ISR), in the titles of BDR and/or Sales Partner, that they routinely worked more than 40 hours per week prior to and after their scheduled hours without being paid for all the hours worked.

9. Plaintiffs also claim they routinely worked though some of the company provided 1 hour unpaid meal breaks on a routine basis, and did not usually take a full 1 hour meal break. Since ISRs had a 9 hour work day, assuming the employee worked a full week within the 45 hours, and did not take a 1 hour meal break, there would be overtime hours unaccounted for. ISRs did not clock in and out for meal breaks.

10. In their Answer, Defendants strongly deny all off-the-clock work allegations and maintain that it properly paid employees for all hours worked. Defendants also deny that they had a de facto policy that undermined their lawful written pay practices. DE 28. The parties were able to put aside their differences and disputes, and reach an arm's length resolution and settlement for the state law classes by and through the nearly 1 year and 8 months of previous litigation and exchange of information in the *Garnick*, FLSA collective action case.

11. The claims of the Plaintiffs here are substantially similar to the claims brought against Defendant Verizon Connect in the FLSA Rule 216(b) conditionally certified collective action case of *Garnick, Romeo and Hanvey v. Verizon Connect Fleet USA LLC,* Case No: 8:20-cv-01474, MDFL (the "*Garnick* Lawsuit"). The *Garnick* Lawsuit commenced in June 2020.

12. In the *Garnick* Lawsuit, the parties extensively briefed and litigated the identical claims of ISRs working under the titles of BDRs and Sales Partners (aka Closers) who comprise the putative class of similarly situated here, for upwards of 19 months prior to reaching a settlement in that action. See (DE 142), *Garnick, Supra.*

13. The parties had the benefit of exchanging discovery, records, declarations and damages models for a sizable number of Verizon Connect ISRs who worked in one of Defendant's North Carolina and Illinois offices.

14. On January 12, 2022, the parties here engaged in a full-day mediation in this case and the *Garnick* lawsuit.

15. In anticipation of the mediation, Plaintiffs then crafted a damages model for the North Carolina and Illinois class members, upwards of 296 persons who had not filed opt-in consent forms in the *Garnick* Lawsuit. The Plaintiffs' damages model for the State law classes here was presented at the mediation, and thoroughly evaluated by Defendants.

16. Although the parties did not reach a settlement at mediation, the parties continued to negotiate over the course of the next several weeks and reached an agreement in principle to settle this lawsuit as to the state law classes on or about February 4, 2022.

17. Pursuant to the attached executed Settlement Agreement, Exhibit 1 to this motion, the parties reached a gross settlement fund for the state law classes in the sum of $1,050,000.00, inclusive of attorneys' fees and costs, and settlement administration costs.

18. Pursuant to the settlement formula, each person will receive, a pro rata share of the Net Settlement fund, meaning after deduction of attorneys' fees and costs, and claims administration costs, a percentage of the net settlement fund based upon an allocation factor determined by dividing each participating class member's respective total employee w-2 wages for the class period by the total w-2 employee wages for the class. Thus, the settlement provides that the settlement payments take into account those persons who had higher base rates or pay and who earned more in commissions or bonus than others, making the settlement payments fair and reasonable to all who do not elect to opt out of this settlement.

19. All the class members are free to opt out of the settlement if they choose. Those who want the settlement payment will execute a standard claim form, and for those who choose not to, the funds will be retained or returned back to the Defendants.

20. For the reasons detailed in the accompanying Brief in Support, this is a fair and reasonable settlement of a bona fide dispute as to all claimed unpaid overtime claims for the state law classes.

**WHEREFORE**, for the foregoing reasons as stated herein and in the Brief in Support, along with the Declaration of Class Counsel, the Parties respectfully request that this Honorable Court enter the Order Preliminarily Approving the Class

Action Settlement as per Rule 23, attached as **EXHIBIT 1** (*See* Preliminary Approval Order - **Exhibit C** to the Settlement Agreement) hereto, which, inter alia: (i) grants preliminary approval of the Settlement Agreement; (ii) provisionally certifies the instant proceeding as a class action pursuant to Federal Rule of Civil Procedure 23 for purposes of settlement only; (iii) appoints Adrian Diaz and Khiry Mullins as Class Representatives of the State Law Classes; (iv) appoints Feldman Legal Group as Class Counsel of the State Law Classes pursuant to Rule 23(g); (v) approves as to form and content the notice to Class Members, including the Claim Form, Individual Release, and Opt-out Statement, and authorizes mailing of the proposed class action notice packet; (vi) appoints Rust Consulting as Settlement Administrator; (vii) schedules a hearing for final approval of the Settlement; and (viii) reserves ruling on the amount of Class Counsel's attorneys' fees and costs pending motion for final approval of the Settlement and the attorneys' fees.

Respectfully submitted this 21st day of April 2023.

/s/ Mitchell L. Feldman
Mitchell L. Feldman
FELDMAN LEGAL GROUP
Georgia Bar No.: 257791
E-mail: mlf@feldmanlegal.us
6916 W. Linebaugh Avenue, #101
Tampa, Florida 33626
Tel: (877) 946-8293

7

Fax: (813) 639-9376
Attorneys for Plaintiffs and
the classes of similarly situated

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this document was prepared using 14-point Times New Roman font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record and also via any additional manner noted below.

/s/ Mitchell L. Feldman
MITCHELL L. FELDMAN
Georgia Bar No.: 257791

8