UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KHIRY MULLINS and
ADRIAN DIAZ, Individually
and on behalf of all
others similarly situated,

    Plaintiffs,

 v.

VERIZON CONNECT FLEET USA LLC
and VERIZON CONNECT INC.

    Defendants.
_____.

Case No: 1:21-cv-4697-MLB

CLASS ACTION

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND DISMISSING CLAIMS WITH PREJUDICE

WHEREAS, after a full final approval and fairness hearing, and having reviewed the settlement memorialized in the Settlement Agreement entered into by and between Defendant Verizon Connect Fleet USA LLC and Verizon Connect Inc. ("Verizon" or "Defendants") and Class Representatives Khiry Mullins and Adrian Diaz ("Class Representatives") attached as Exhibit 1 to the Parties' Joint Motion And Memorandum Of Law For Final Approval Of Class Settlement And Approval Of Attorney's Fees (the "Settlement Agreement"), and it appearing to the Court that, upon examination, the Settlement Agreement and settlement terms are fair, reasonable, and adequate:

1

**IT IS HEREBY ORDERED THAT**:

1. For settlement purposes, the following classes are finally certified as a class action under Federal Rule of Civil Procedure 23:

    All current and former employees of Verizon Connect Fleet USA LLC and Verizon Connect Inc. who are not Class Representatives or opt-in plaintiffs in the *Garnick* Lawsuit and who work or worked as non-exempt Business Development Representatives and/or Sales Partners for Defendant's office location in Illinois at any time from November 14, 2018 through the date of the Preliminary Approval Order (the "Illinois Class"); and

    All current and former employees of Verizon Connect Fleet USA LLC and Verizon Connect Inc. who are not Class Representatives or opt-in plaintiffs in the *Garnick* Lawsuit and who work or worked as non-exempt Business Development Representatives and/or Sales Partners for Defendant's office location in Illinois at any time from November 14, 2018 through the date of the Preliminary Approval Order (the "North Carolina Class") (together with the Illinois Class, the "State Law Classes").

2. Khiry Mullins and Adrian Diaz are appointed as Class Representatives for the State Law Classes.

3. Feldman Legal Group is appointed as Class Counsel for the State Law Classes.

4. The settlement memorialized in the Settlement Agreement is approved and binding on the Class Representatives and all Class Members who did not timely opt out of the class.

5. This action, and the claims of the Class Representatives, and all Class Members who did not timely opt out of the class, under North Carolina and Illinois state laws as asserted in the Class Action Complaint are dismissed with prejudice.

6. The following claims are released through the date of final approval of the Settlement Agreement:

> The Class Representatives and each Participating Class Member, including those Class Members who do not timely opt-out, forever and fully releases Defendants, together with Defendants' parents, subsidiaries, affiliates, divisions, partners, members, joint ventures, predecessor and successor corporations and business entities, past, present, and future and its and their agents, directors, officers, employees, shareholders, insurers and reinsurers, representatives, attorneys, and employee benefit plans and administrators (and the trustees or other individuals affiliated with such plans) past, present, and future (collectively, the "Released Parties") of and from any and all past and present matters, claims, demands, and causes of action of any kind, whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, local, or other applicable law, which any such individual has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, that are based upon any alleged off-the-clock work or any alleged failure by any Released Parties to pay overtime or other compensation, that were or could have been brought in the Lawsuit or that arise out of or relate to the facts, acts, transactions, occurrences, events or omissions alleged in the Lawsuit, and/or that otherwise arise out of or relate to the assertion of claims in the Lawsuit, and that arose during any time that such individuals worked for Defendant up until the date of the entry of this Order ("Released Claims"). The Released Claims include without limitation claims that were or could have been asserted in the Lawsuit and any other off-the-clock work claims under federal, state, local, or other applicable law, including without limitation all known or unknown claims for overtime compensation, liquidated damages, penalties, and interest. Class Representatives and Participating Class Members,

including those Class Members who do not timely opt-out, are permanently barred and enjoined from filing or prosecuting against Defendants any claims according to the applicable releases described in the Settlement Agreement.

7.  Defendants are forever discharged from all released claims.

8.  Settlement payments shall be made to Class Members who timely submitted claims forms according to their pro rata share of the net settlement amount pursuant to the formula in the Settlement Agreement.

9.  Class Counsel is awarded $262,500.00 in attorneys' fees and costs and expenses.

10. The settlement administration fee in an amount not to exceed $15,000.00 is approved.

11. This Court shall retain jurisdiction of this action for purposes of overseeing the settlement.

SO ORDERED this 21st day of May, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

4